DECISION
Plaintiff appeals the Notice of Deficiency Assessment issued by the Defendant for the 2006 tax year denying Plaintiffs claimed travel expenses. A telephone trial was held on February 9, 2011. Elizabeth Hummel (Hummel), an Oregon licensed tax consultant, appeared on behalf of Plaintiff. Plaintiff testified on his own behalf. Kevin Cole (Cole), Tax Auditor, appeared and testified on behalf of Defendant.
The court did not receive exhibits from Plaintiff. Hummel explained that she mailed the court's copy of Plaintiff s exhibits to the address "955 Center St NE, Salem, Oregon 97301," which is the address of the Oregon Department of Revenue, not the Oregon Tax Court. Hummel requested that the trial be reset and that Plaintiff receive another opportunity to submit exhibits. Cole objected, stating that previous court proceedings had been reset at Plaintiffs request and that Plaintiffs exhibits were not provided to Defendant within the time required by Tax Court Rule-Magistrate Division 10 C(1). The court denied Plaintiffs request to reschedule the trial. The court received Defendant's Exhibits labeled A, B, and C without objection from Plaintiff.
 I. STATEMENT OF FACTS
On June 8, 2004, Plaintiff "was indentured in to the Northwest Line Joint Apprenticeship and Training Program" (JATC). (Ptf's Ltr at 2, Oct 14, 2010.) Plaintiff testified that he was still *Page 2 
a participant in the JATC program during the 2006 tax year. The program requires apprentices to travel to job assignments in Oregon, Washington, parts of Idaho, and parts of California. (Id.) "Apprentices are employed by the individual employer; however, they are dispatched to such employers by the NW Line JATC, not by the IBEW Union Locals. All work * * * [is] monitored and dictated by the NW Line JATC, and apprentices are not allowed to turn down work assignments under the terms of their agreement." (Id.) Plaintiff testified that jobs are typically assigned for a few months. He testified that he was paid on an hourly basis by the employers, but that he was under the control of the JATC. He testified that the JATC could remove him from a job and reassign him at any time. Plaintiff testified that he typically worked for four to five companies per year through the JATC program.
Beginning in February 18, 2006, and continuing through January 11, 2007, Plaintiff worked for POTELCO Inc. (Potelco), near Seattle, Washington. (Def's Ex C at 1.) Cole testified that the JATC and Oregon Department of Employment records indicate that Plaintiff took a ten day break in January 2007 to attend a JATC class and then continued to work for Potelco from late January 2007 through April 2007. An Employment Verification Request completed by Potelco on December 28, 2009, indicates that Plaintiff was employed for Potelco from February 6, 2006, through January 18, 2009. (Def's Ex A.) Plaintiff testified that he had not expected the Potelco job to last more than a year and he had considered it a temporary position.
Plaintiff testified, and Cole confirmed, that Plaintiff filed two W-2 forms for the 2006 tax year; one in the amount of $62,042 (rounded) for his employment with Potelco and the other for his employment with Mountain Power Construction in the amount of $2,227 (rounded). Plaintiff could not recall the dates that he worked for Mountain Power Construction. Plaintiff testified *Page 3 
that he also worked for International Line Builders at some point during the 2006 tax year. Cole testified that Defendant did not receive a W-2 form for that position and that there was no Department of Employment record of Plaintiff working for that employer. Plaintiff could not recall the dates that he worked for International Line Builders during 2006.
Plaintiff testified that, during 2006, he maintained a home in Grants Pass, Oregon, and paid taxes to the state of Oregon. He testified that he considers Oregon his home and only traveled to Washington for work purposes. Plaintiff testified that, during 2006, he would drive between 800 and 1,000 miles travelling to and from his home in Oregon on the weekends. He also testified that, as an employee of Potelco during 2006, he traveled to numerous locations within Washington State for work, including Sumner, Bonnie Lake, Yakima, Issaquah, and Bellevue. Plaintiff testified that he lived in a travel trailer when he traveled to various job sites around the state of Washington. Plaintiff testified that he is currently married, but was not married in 2006.
 II. ANALYSIS
Plaintiff claimed $35,610 in travel expenses for the 2006 tax year. Defendant denied those expenses and maintains that Plaintiff has not provided sufficient evidence to support any travel expense deductions for the 2006 tax year. Plaintiff claims that he did not have a permanent job location during the tax year at issue. Defendant maintains that Plaintiffs "tax home" for 2006 was the Seattle metropolitan area and that Plaintiffs travel expenses are considered non-deductible commuting expenses under Internal Revenue Code (IRC) 262(a).
This court has previously held that the Oregon Legislative Assembly "intended to make Oregon personal income tax law identical to the [IRC] for purposes of determining *Page 4 
Oregon taxable income, subject to adjustments and modifications specified in Oregon law. ORS 316.007." Ellison v. Dept. ofRev., TC-MD No 041142D, WL 2414746 at *6 (Sept 23, 2005). The issue before the court is whether Plaintiff may deduct $35,610 in travel expenses for the 2006 tax year. "On this question, Oregon law makes no adjustments to the [IRC] and therefore, federal law governs the analysis." Porter v. Dept. of Rev.
(Porter), TC No 4789, WL 3365847 at *1 (Oct 20, 2009); ORS 316.007, ORS 316.012(1).[1] "Further, the view of the Commissioner of Internal Revenue as to the legal analysis is always dispositive." Id.; ORS 314.011(3).
IRC section 162(a) allows a deduction for travel expenses incurred in connection with a trade or business, stating in pertinent part:
 "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * *
 "(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business.
 "* * * For purposes of paragraph (2), the taxpayer shall not be treated as being temporarily away from home during any period of employment if such period exceeds 1 year."[2]
"In general, a taxpayer's home for the purposes of section 162(a)(2) — i.e., the taxpayer's `tax home' — is the taxpayer's principal place of business or employment." Morey v. Dept. ofRev. (Morey),18 OTR 76, 81 (2004) (citations omitted). In a case involving a taxpayer with multiple job sites, this court held that "if the job sites are all located within the same general area, *Page 5 
that area will constitute the taxpayer's principal place of business." Hintz v. Dept. of Rev., 13 OTR 462, 467 (1996). The general rule that a taxpayer's home is that taxpayer's principal place of business or employment
 "is subject to an exception: the taxpayer's personal residence is the individual's tax home if the principal place of business is `temporary' as opposed to `indefinite' or `indeterminate.' That exception is in turn subject to an exception found in the flush language of section 162(a), which provides that any employment period in excess of one year is per se indefinite."
Morey, 18 OTR at 81 (internal citations omitted).
Commuting expenses are not deductible travel expenses under IRC section 162. See Treas Reg § 1.162-2(e) ("Commuters' fares are not considered as business expenses and are not deductible.") IRC section 262 disallows deductions for "personal, living, or family expenses." In the accompanying treasury regulation, the "costs of commuting to [the taxpayer's] place of business or employment" is specifically identified as a personal expense that is not deductible. Treas Reg § 1.262-1(b)(5); see also
Rev Rule 99-7, 1999-1 Cumulative Bulletin 361 (Rev Rule 99-7) (stating that "[i]n general, daily transportation expenses incurred in going between a taxpayer's residence and a work location are nondeductible commuting expenses"). The Supreme Court has long held that expenses a taxpayer incurs in commuting between his home and place of business are personal and nondeductible. See Comm'r v.Flowers, 326 US 465, 473-4, 66 S Ct 250, 90 L Ed 203 (1946).
Revenue Ruling 99-7 provides an exception to the general rule that commuting expenses are not deductible: "(1) A taxpayer may deduct daily transportation expenses incurred in going between the taxpayer's residence and atemporary work location outside the metropolitan area where the taxpayer lives and normally works." Rev Rule 99-7 (emphasis in original). "[D]aily transportation expenses incurred in going between the taxpayer's residence and atemporary work location within that metropolitan area are nondeductible commuting expenses" except in *Page 6 
two circumstances identified by Revenue Ruling 99-7. Id. "To allow taxpayers a deduction for daily traveling expenses under section (1) [of Revenue Ruling 99-7], [the] court must find (1) that travel was to temporary work locations; (2) that taxpayer lived in a certain metropolitan area; and (3) that taxpayer `normally' worked in the metropolitan area that he lived." Porter, WL 3365847 at *2;Austin v. Dept. of Rev., TC No 4808, WL 3365859 at *2 (Oct 20, 2009).
"Deductions are strictly a matter of legislative grace, and taxpayers must satisfy the specific requirements for any deduction claimed." Aldea v. Commissioner (Aldea), TC Memo 2000-136, WL 371549 at *2 (Apr 12, 2000), citing INDOPCO,Inc. v. Commissioner,503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992). IRC section 274(d) requires taxpayers claiming deductions for travel expenses under IRS section 162 to "substantiate[] [those claims] by adequate records or by sufficient evidence corroborating the taxpayer's own statement[.]" The accompanying treasury regulations identify substantiation requirements for expenses related to travel away from home including the amount of each separate expenditure, the dates of departure and return for each trip, destinations, and the business purpose. Treas Reg § 1.274-5T(b)(2).
 "A taxpayer is required by section 274(d) to substantiate a claimed expense by adequate records or by sufficient evidence corroborating the taxpayer's own statement establishing the amount, time, place, and business purpose of the expense. Sec. 274(d). Even if such an expense would otherwise be deductible, the deduction may still be denied if there is insufficient substantiation to support it."
Boyd v. Comm'r, 83 TCM (CCH) 1253 (2002), citing Treas Reg § 1.274-5T(a).
Plaintiff worked for Potelco, based near Seattle, Washington, from February 2006 through April 2007 with a ten day break to attend a class in January 2007. Plaintiff's employment with Potelco exceeded one year and does not, therefore, qualify as "temporary" employment under IRC section 162(a). Because Plaintiff's employment in the Seattle metropolitan area was indefinite rather than temporary, his tax home from February 2006 through April 2007 was the Seattle metropolitan *Page 7 
area. Plaintiffs expenses associated with traveling between Grants Pass, Oregon, and the Seattle metropolitan area are non-deductible commuting expenses under IRC section 262.
The court did not receive any information concerning Plaintiffs employment prior to February 2006 and cannot, therefore, identify his tax home prior to that date.
Plaintiff testified that, as part of his employment with Potelco, he periodically traveled to locations throughout Washington State, including Sumner, Bonnie Lake, Yakima, Issaquah, and Bellevue. Plaintiff also testified that he worked for Mountain Power Construction and International Line Builders during 2006. Some of Plaintiff s expenses associated with travelling to temporary job sites outside of the Seattle metropolitan area may be deductible business expenses. However, the court did not receive any evidence substantiating the claimed expenses for business travel to locations outside of the Seattle metropolitan area during the 2006 tax year. The court cannot, therefore, determine the amount of business expenses, if any, to which Plaintiff is entitled for the 2006 tax year. In the absence of adequate substantiation, Plaintiffs appeal must be denied. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs appeal is denied.
Dated this ___ day of April 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on April 28, 2011. The Court filed and entered this documenton April 28, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005.
[2] All references to the IRC and accompanying regulations are to the 1986 code and include updates applicable to 2006. *Page 1